Good morning, Your Honors. I'm Peter Robinson from Santa Rosa, California, and I'm the lawyer for Jesus Campos. This would have been an interesting issue presented by this case, except for the fact that within the last two months, a panel of the Ninth Circuit has decided the issue in my favor and being a little bit of a In that case, decided in late August, the court said, Despite Shriver's protestations to the contrary, in evaluating a custodial arrest executed by state officials, federal courts must determine the reasonableness of the arrest, in reference to state law governing the arrest, cited United States v. Mota. I wanted to know what Shriver's protestations to the contrary were, so I got his briefs, and in the brief, which under the section of the court should find state law irrelevant to the determination of whether an arrest violated the Fourth Amendment, he cited the Atwater case, saying, If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender. And that's, of course, the very same argument the government is making in this case, but the panel, Judge Trott This is a 1983 case, is it not? Bingham? Yes, Bingham is a 1983 case, as was Atwater. There has to be some authority in the Ninth Circuit that 1983 may not be governed by the same considerations as the question of evidence. Yes, I agree with that, Your Honor. The cases are a little confusing, but I thought They are, and I remember Is that relevant here at all? Yes, it is, because Atwater was a 1983 case, so for the same reason, Atwater would not have overruled the cases incident to lawful arrest, which started with the United States v. Mota in the Ninth Circuit in 1993, which is directly on point, and continued even into 2000 with the case of the United States v. Mota. And in that case, the Ninth Circuit said that the common ground shared by two exceptions to the rule is that the federal test for the legality of an inventory search and a search incident to arrest requires incorporation of state law. And a search incident to arrest, by its very nature, depends on the underlying legality of the arrest, a consideration governed by state law. So we have Bingham, we have Mota, we have Cormier, and our contention is that those cases are not changed by Atwater. And, in fact, Atwater didn't deal with the issue of an arrest that violated state law, because specifically in Atwater, there was a state statute in Texas that authorized the arrest of a person for driving without a seat belt. Of course, Bingham doesn't mention Atwater at all. It doesn't. It just says, despite Shriver's protestations to the contrary, and those protestations included the argument that Atwater applied and not Mota. You know, I'm wondering, Bingham says a reasonable officer couldn't have thought that he could arrest, since the law clearly said that he couldn't. But it doesn't discuss Atwater. And what Atwater says is a reasonable officer could very well not know the difference between offenses where he can jail a person and offenses where a person is not subject to jail. So I'm wondering whether, in light of Bingham's failure to cite and discuss Atwater, we're bound to bring it up in this case and say a reasonable officer under the Atwater interpretation wouldn't know the difference. Well, although, again, Bingham didn't discuss Atwater, it was presented to them. And I don't think you can expect an opinion to discuss every case that's cited in the briefs. But nevertheless, assuming that it wasn't considered by the panel, I don't believe Atwater goes that far, because every state officer is presumed to know state law, because every citizen is presumed to know state law. And ignorance of the law is no excuse for the homeless person here on Seventh and Mission. It certainly would be no excuse for the police officer sworn to uphold the law. The law is very clear that in California that it's not lawful to arrest someone under the circumstances under which Mr. Campos was arrested. And I don't think that Atwater dealt one way or the other with the issue of whether state law is violated. Does that still allow for a search incident to a lawful arrest? And that phrase, search incident to lawful arrest, has been used for 90 years. It's not ever been said a search incident to probable cause is legitimate. It's also always been required to be a lawful arrest. Kennedy. There are two separate concepts. Yes. One's an arrest. If he makes an arrest, then he can search, okay? Yes. He didn't do that, right? Yes. Question, was the arrest lawful? And that's always been a requirement. Did he make an arrest? Yes, he arrested him. He made a traffic stop. No, he arrested Mr. Campos for driving without a license. That was the basis upon which the district court found that he was allowed to conduct a search because it was incident to the arrest of driving without a license. Under California law, wasn't allowed to arrest Mr. Campos for that offense. So he did. But he had the Mexican identification card, did he not? That's correct. And that is the exception. Yes. Other satisfactory identification. Yes. Other satisfactory identification. If you present other satisfactory identification, you're supposed to be cited and not arrested. Correct. So that was the ---- So there's not a lawful arrest. That's correct. And therefore, not a lawful search. It wasn't lawful. Exactly. Then the question is the search file. Exactly. And so ---- And the government has never claimed probable cause. Well, no, we've never contested that they had probable cause to arrest him for driving without a license. They did have probable cause that he committed that ---- probable cause to believe he committed that offense. But they didn't have the right to make a lawful arrest because he had the otherwise satisfactory identification. I just point out that even since Atwater, it was decided in 2001, no judge has allowed the police to use evidence seized incident to an unlawful arrest except Judge Chesney. Thank you. Thank you, Counsel. May it please the Court. Good morning. My name is Hartley West. I'm an assistant U.S. attorney here in San Francisco, and I represent the United States in this matter. The question is whether the search was permitted incident to a lawful arrest. And Atwater does answer that question because Atwater establishes a bright line rule on page 354 of that decision. Particularly, Atwater states, quote, if an officer has probable cause to believe that an offender has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender. Moreover ---- But they were interpreting a Texas statute which permitted an arrest in that case in Atwater. Isn't that right? Well, that's not exactly true. The Texas statute did, in fact, make arrests discretionary. However, Atwater did not base his decision in any respect on the Texas statute. Aside from mentioning ---- Was this a fact that that's what they were doing? They may not have referred to it, but they were interpreting the Texas statute, but in that ---- It did correct. You're correct that they interpreted the Texas statute at the outset. They stated what it was. However, none of the reasoning was based on the Texas statute. And, of course, it would have been very easy for the Supreme Court to say when it outlined its rule and its holding in Atwater to say as long as the State statute permits arrest. However, it did not do that. In fact, actually, one of the Supreme Court cases that describes the search incident to arrest exception to the Fourth Amendment, United States v. Robinson, equates lawfulness with probable cause. In fact, that court states a custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment. That intrusion being lawful, a search incident to the arrest requires no additional justification. In that case, the Supreme Court interpreted lawful as being based upon probable cause. It is not a constitutional violation for a State officer to violate State procedural law. And that's exactly what the California Supreme Court in McKay interpreted Atwater as holding. That doesn't mean that you don't look to State law at all. Some of the cases mentioning looking to State law in the first instance are correct, but only insofar as you look to State law to determine if, in fact, there was a criminal offense that there was probable cause to believe occurred. After that, State law does not define the parameters of the Fourth Amendment. In fact, this is consistent with the post-Atwater Supreme Court decision of Arkansas v. Sullivan, in which the court stated, While a State is free as a matter of its own law to impose greater restrictions on police activity than those this Court holds to be necessary upon Federal constitutional standards, it may not impose such greater restrictions as a matter of Federal constitutional law when this Court specifically refrains from imposing  What do you do about Bingham? The way Bingham reasons is that it can't be a lawful arrest if State law says it's an unlawful arrest. And the issue in this case is whether it's a search incident to a lawful arrest. I think your reasoning about Atwater is strong, but I don't really get exactly what this panel is supposed to do with Bingham. Well, the problem with Bingham, Your Honor, is that Bingham just simply does not address Atwater. I know it's a problem, though, because it's post-Atwater. If you could write the opinion, what would the paragraph about Bingham say? Well, I think Bingham, as a qualified immunity case, is required to look at the State of the law at the time of arrest. The arrest occurred when MOTA was good law prior to Atwater. In looking at the State of the law prior to arrest, the court had to look at MOTA. That was the case that controlled at the time. I see. So we would distinguish Bingham and say even though it's post-Atwater, it's a pre-Atwater case because the arrest is pre-Atwater. That's correct. Of course, the language of the opinion doesn't seem to follow that pattern, does it? Well, no, it doesn't. No, it doesn't. And interestingly, one of the points about Bingham that counsel raised, saying that in fact the briefs did mention Atwater, I'm not sure if the court has looked at that, but the extent of the discussion of Atwater in those briefs, therefore the extent to which we know it was before the panel considering the case, was simply a see also parenthetical. That's it. We have no indication that the court considered Atwater to any extent, aside from reading that see also parenthetical in the brief. I mean, this quote that despite Shriver's quotations and so on, it doesn't appear from the language that that is as of the time of the incident rather than as of the time the court made the decision. That's correct. That is the way that the case reads. However, in fact, the court did need to look at the state of the law at the time of In addition, I would point out that so far as I've been able to find, every Federal court that has interpreted, that has commented on Atwater at all, has interpreted it as not depending upon state law. I have not found any case, and I presume counsel has not either otherwise, I'm sure he would have pointed it out to the court, that did distinguish Atwater based on state law. Finally, I would Would you say that MOTA is no longer good law? Do we have to say, if we go your way, that MOTA is overruled by Atwater? I think we do. I think that's the issue that's squarely before the court in this case, and that wasn't in Bingham. There's other earlier Ninth Circuit law that appears to follow the same track as MOTA. Isn't that true? There is. Interestingly, there's Ninth Circuit cases that appear to really go both ways. In particular, I would draw the Court's attention to Berry v. Fowler. I was just going to mention that. That certainly goes that way, doesn't it? It certainly does. And it's difficult to see how MOTA can be reconciled with that case. So it may be that this is the Court's opportunity to resolve that dispute between the courts. Unless the Court has any further questions, I'll submit on my previously filed  Thank you, counsel. Thank you. I think what I would simply like to emphasize in rebuttal is that Bingham is a law that this panel must follow. MOTA is a law that this panel must follow. Cormier is a law that this panel must follow. If someone believes that it should be different, then it seems to me that that would have to be done en banc. I thought if there's a Supreme Court decision following Ninth Circuit authority, we don't need to go en banc to say that the pre-Supreme Court decision, Ninth Circuit authority is no longer good law. The only real issue is Bingham because it's post. And Bingham cited MOTA. And so MOTA is, according to Bingham, is still It does indeed. But it doesn't talk about the effect of Atwater. What's your response to the prosecutor's argument that Bingham should be viewed as a pre-Atwater case because it's looking at the time of the arrest? I would say that that's a distinction without a difference because even McKay was pre-Atwater, the arrest in the California Supreme Court, and they applied Atwater to that particular case. So even though maybe in the context of a criminal retroactivity issue, there might be a question of what law you apply at the time. But I don't believe that the fact that the Bingham You have an issue of qualified immunity, as is Bingham? Bingham is talking about qualified immunity. That's correct, yes, as was Atwater. What time do you take? Is the time when something is clearly established? Well, I don't know. I don't know the answer to that. So I'm sorry about that. I simply don't know the answer to that. Thank you very much. The government made this point in the 28-J letter that they filed that cited Bingham. They made reference to this qualified immunity in the time of what time was relevant for the purpose of determining qualified immunity. I mean, it's not something that just came up today, I don't think. No, I understand that. And I just simply don't have the experience with qualified immunity cases to be able to give you a satisfactory answer. But nevertheless, in my submission is that even today, MOTA was unaffected by Atwater, that Atwater being a case that did not deal with a violation of state law cannot be found to have overruled MOTA, a decision that it never cited, nor did it ever cite any of the other many Supreme Court cases, DeRay, DeFilippo, which have held that state law is an important ingredient in determining the lawfulness of an arrest. Thank you very much. Thank you, counsel. United States v. Campos is submitted. Next is United States v. Gonzales-Garcia.
judges: Cudahy, Beezer, Kleinfeld